O'CONNOR v. JERSEY CREAMERY CO.

1. APPEAL AND ERROR—NUISANCES—CREAMERY.

Decree permanently enjoining operation of creamery in residential district at night is affirmed on appeal where there is conflicting testimony as to elimination of noise and trial court had advantage of seeing and hearing witnesses although Supreme Court considers case on hearing *de novo*.

2. NUISANCES—ABATEMENT—EVIDENCE.

Evidence *held*, to show nuisance had not been abated.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 19, 1933. (Docket No. 128, Calendar No. 37,344.) Decided December 5, 1933.

Bill by John O'Connor and others against Jersey Creamery Company of Detroit, a Michigan corporation, and others to abate a nuisance. On petition of defendants to modify decree. Decree for plaintiffs. Defendants appeal. Affirmed.

*Leonard F. Donaldson,* for plaintiffs.

*Kenneth M. Stevens* and *Richard F. Molyneaux,* for defendants.

McDONALD, C. J.   About three years ago the defendant,  Jersey Creamery Company, purchased premises at the corner of Field and Sylvester avenues in the city of Detroit and began operating them as a creamery and a point for the distribution of its products.   The premises were located in a residential district.   The plaintiff and 21 other property owners and residents in the immediate neighborhood began suit to restrain the operation of the plant on the ground that it was creating nuisances consisting principally of noises during the night hours.  Issue was joined on defendants' denial of the allegations in the bill.   On the hearing the trial court found that nuisances were being created as the plaintiffs claimed; and after giving the defendant ample opportunity to abate them made a decree enjoining the operation of the creamery between the hours of 11 p.m. and 6:30 a.m.   From that decree the defendant appealed to this court.   The case is reported in 263 Mich. 86, to which we refer for a more complete statement of the facts.

In the oral argument before this court counsel for the defendants stated that since the decree appealed from had been entered the nuisance had been abated by elimination of noises during the night hours.   In view of this assurance we affirmed the decree without prejudice to defendants' right to apply to the trial court for a modification.   Taking advantage of this privilege the defendant filed a motion in the circuit court for that purpose.   On the hearing testimony was taken after which the court found that notwithstanding the good faith efforts of the defend-

ant to eliminate the night noises, it had not succeeded in doing so and accordingly entered a decree providing for the permanent continuance of the injunction as to operating the business between the hours of 11 o'clock p.m. and 6:30 a.m. The defendant has again appealed.

The question for our determination on this appeal is purely one of fact. The testimony as to the elimination of night noises is conflicting. A discussion and analysis of that testimony in this opinion would serve no useful purpose. We may say, as we have frequently said, that the trial court has a superior advantage in seeing and hearing the witnesses and is, therefore, better able to determine on which side the truth lies. While influenced to some extent by the presumption arising from his conclusions, this being a hearing *de novo* we have carefully considered the evidence and have concluded that the trial court correctly disposed of the issue. The decree is affirmed, with costs to the plaintiffs.

WEADOCK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.